ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 02 2007

JAMES N. HATTEN, Clerk
By: *JHurck* Deputy Clerk

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Applicant, | : Civil Action No. |
| | : |
| v. | : 1:07-CV-___-___ |
| | : 1:07-CV-1547-JEC |
| U.S. SUSTAINABLE ENERGY CORPORATION and JOHN D. STANTON, | : |
| | : |
| Respondents. | : |

## APPLICATION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING RESPONDENTS TO COMPLY WITH ADMINISTRATIVE SUBPOENAS

Now comes the Unites States Securities and Exchange Commission (the "Commission"), by its attorneys, William P. Hicks and Robert K. Gordon, and for its application, shows the following:

1. Respondents U.S. Sustainable Energy Corporation ("USSE-FL") (headquartered in Florida) and John D. Stanton (collectively, "Respondents") have failed to comply with validly issued and served subpoenas for documents in an

ongoing investigation of the Commission into violations of the federal securities laws including, but not limited to, possible false and misleading statements by companies engaged in merger discussions and possible insider trading activity by certain companies and individuals, including, but not limited to, individuals affiliated with U.S. Sustainable Energy Corporation ("USSE-MS") (headquartered in Mississippi).

2. The Commission is investigating whether the Respondents and various individuals and entities with whom the Respondents are affiliated had any involvement in the possible fraudulent activity under investigation.

3. The Commission hereby applies to this Court for an Order requiring the Respondents to show cause why they should not be ordered to provide certain documents pursuant to subpoenas properly issued by the Commission and served upon them in connection with an ongoing Commission law enforcement investigation. The Commission further requests that the Court thereafter enter an Order requiring the Respondents to obey the subpoenas.

4. Jurisdiction is conferred upon this Court, and venue properly lies within the Northern District of Georgia, pursuant to § 21(c) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(c), which provides that "In case of contumacy by, or refusal to obey a subpoena issued to, any person, the

Commission may invoke the aid of any court of the United States within which the jurisdiction of which such investigation or proceeding is carried on . . . in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records. . . ."

5. In support of this Application, the Commission submits the accompanying declaration of Staff Attorney John G. Westrick ("Westrick Decl."), the exhibits thereto, and a Memorandum in Support of its Application for an Order to Show Cause and for an Order Requiring Respondents to Comply with Administrative Subpoenas.

6. On May 3, 2007, pursuant to Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a), the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in *In the Matter of U.S. Sustainable Energy Corporation* (the "Formal Order"). The Formal Order designated Staff Attorney John G. Westrick, among other Commission staff members, as an officer of the Commission for purposes of the *In the Matter of U.S. Sustainable Energy Corporation* investigation, and empowered each person so designated to subpoena witnesses and to require the production of any evidence deemed relevant or material to the inquiry.

7. On May 10, 2007, Mr. Westrick, acting on behalf of the Commission pursuant to the Formal Order, caused the service of separate subpoenas on each of the two Respondents. The subpoenas required the Respondents to produce documents to the Commission's Atlanta Regional Office by May 18, 2007. Mr. Westrick subsequently agreed to extend the subpoena return date and to allow Respondents to complete a rolling production of documents by June 12, 2007. Respondents have completed a partial production of documents, but refuse to comply with certain requests in the subpoenas on the ground that they are overbroad, unduly burdensome, and beyond the scope of the Formal Order.

8. The parties have conferred telephonically on several occasions in an attempt to resolve the dispute, but Respondents continue to refuse to comply with a number of requests in the subpoenas that the Commission deems necessary for its investigation. The subpoenaed items that remain in contention are set forth with specificity in Mr. Westrick's declaration.

9. The documents sought by the Commission are relevant to matters under investigation and may provide evidence as to whether Respondents and/or others violated the federal securities laws. The documents sought by the Commission are therefore relevant and important to the Commission's investigation and their obtainment by subpoena is authorized by the Formal Order.

WHEREFORE, the Commission respectfully requests:

I.

1.  That the Court enter an Order to Show Cause, directing the Respondents to show cause why this Court should not enter an Order requiring them to produce the documents set forth at ¶ I.d of the Memorandum in Support of Application of the U.S. Securities and Exchange Commission for an Order to Show Cause and for an Order Requring Respondents to Comply with Administrative Subpoenas, in compliance with the subpoenas issued to Respondents; and

*[remainder of page intentionally left blank]*

II.

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the subpoenas.

This 2nd day of July, 2007.

**Respectfully submitted,**

**William P. Hicks**
**Regional Trial Counsel**

**ROBERT K. GORDON**
Senior Trial Counsel
Georgia Bar No. 302482

**Securities and Exchange Commission**
3475 Lenox Road, N.E., Suite 500
Atlanta, GA 30326-1232
(404) 842-7652